IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN STANGEL | § | |
| v. | § | CIVIL ACTION NO. 6:07cv280 |
| TDCJ LOCAL FUNDS DIVISION | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff John Stangel, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Stangel sued the Local Funds Division of TDCJ-CID. He says that the Division is improperly withholding more than 20 percent of the deposits to his account in order to pay court fees. He cites a TDCJ withdrawal sheet showing that on May 4, 2007, two withdrawals were taken from his account for a cause listed as no. 6:06cv4, and one for a cause listed as no. 6:06cv6, and on May 25, one withdrawal was taken for cause no. 6:06cv4, and one for 6:06cv7.[1]

After review of the pleadings, the Magistrate Judge issued a Report on October 22, 2007, recommending that the lawsuit be dismissed. The Magistrate Judge stated first that the sole defendant is the Local Funds Division of TDCJ, which is not a suable entity in its own name and in any event is a part of TDCJ, a state agency, and thus protected by the doctrine of sovereign immunity. The Magistrate Judge also observed that under Fifth Circuit precedent, Stangel is liable

---

[1] As the Magistrate Judge observed, these cause numbers were abbreviated; the actual numbers are 6:06cv495 and 6:06cv270.

1

to pay 20 percent of the deposits to his account for *each* civil action or appeal which he files, and so he has failed to show that withdrawals are being made inappropriately. Atchison v. Collins, 288 F.3d 177, 180 (5th Cir. 2002). While Stangel contended that only 20 percent of the deposits to his account should be taken *in toto*, this is the very argument which the Fifth Circuit rejected in Atchison. The Magistrate Judge therefore recommended that Stangel's lawsuit be dismissed with prejudice as frivolous.

Stangel did not file objections to the Magistrate Judge's Report; instead, on October 26, 2007, he filed a "motion to withdraw complaint." This motion should be construed as a motion for voluntary dismissal under Rule 41(a), Fed. R. Civ. P., and as such it should be granted, inasmuch as Stangel has an absolute right to dismiss his complaint without prejudice prior to service of an answer or motion for summary judgment. *See* Thomas v. Phillips, 83 Fed.Appx. 661 (5th Cir., December 17, 2003) (not selected for publication in the Federal Reporter), *citing* Carter v. U.S., 547 F.2d 258, 259 n. 2 (5th Cir. 1977).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge and the motion of the Plaintiff to dismiss. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct, but that the Plaintiff's motion to dismiss should be granted. It is accordingly

ORDERED that the Plaintiff's motion for voluntary dismissal of his lawsuit (docket no. 18) is GRANTED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice on the motion of the Plaintiff. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of November, 2007.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**